Dimitrios SPANOS, Libellant, Appellant
and Cross-Appellee,

v.

THE LILY and Fortaleza Compagnia
Naviera S. A. of Panama, her owner,
Respondents, Appellees and Cross-Ap-
pellants.

No. 7742.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1958.

Decided Nov. 13, 1958.

L. David Lindauer, Norfolk, Va. (Sid-
ney H. Kelsey and Peter K. Babalas, Nor-
folk, Va., on brief), for appellant and
cross-appellee.

Walter B. Martin, Jr., Norfolk, Va.
(Vandeventer, Black & Meredith, Nor-
folk, Va., on brief), for appellees and
cross-appellants.

Before HAYNSWORTH, Circuit
Judge, and THOMSEN and BOREMAN,
District Judges.

THOMSEN, District Judge.

These are cross-appeals from a decree
in admiralty which dismissed all of libel-
lant's claims except the claim for main-
tenance and cure.

Although an appeal in admiralty
"partakes of the nature of a trial de
novo", State of Maryland for Use of
Johnson v. United States, 4 Cir., 165 F.2d
911, 914, the Supreme Court has recent-
ly said: "In reviewing a judgment of a
trial court, sitting without a jury in ad-
miralty, the Court of Appeals may not
set aside the judgment below unless it
is clearly erroneous. No greater scope
of review is exercised by the appellate
tribunals in admiralty cases than they
exercise under Rule 52(a) of the Federal
Rules of Civil Procedure [28 U.S.C.A.]."
McAllister v. United States, 348 U.S. 19,
20, 75 S.Ct. 6, 8, 99 L.Ed. 20. See also
Petterson Lighterage & Towing Com-
pany v. New York Central R. Co., 2 Cir.,
126 F.2d 992. Of course, this principle
applies with less force where most of
the evidence is in the form of depositions

 

and the district judge did not have the opportunity to observe those witnesses. The W. W. Bruce, 2 Cir., 94 F.2d 834; cf. State of Maryland for Use of Johnson v. United States, supra.

■ Our review of the record shows that the facts are fairly stated in the opinion of the district judge, 163 F.Supp. 335. We agree that libellant failed to meet the burden resting upon him to prove by a preponderance of credible evidence that his injury was caused by unseaworthiness of the ship or negligence on the part of respondents. Nor has he shown that he is entitled to recover for delay in supplying him with medical attention; the fracture of the metatarsal bone healed without permanent disability, and libellant signed aboard another ship after the usual time which, according to the medical testimony, it takes for such an injury to heal. Libellant's claims for overtime and for loss of personal effects were not sufficiently proved.

■ In order to recover for maintenance and cure, a seaman must offer proof of expenditures made or liability incurred. Norris, The Law of Seamen, Vol. 2, sec. 568. The evidence in this case shows that libellant was in Norfolk during February and March, obtaining medical treatment for his injured foot and for a rash which developed thereon. He proved the amounts spent for medical attention, but did not prove any amount spent or liability incurred for maintenance. The evidence justifies the inference that an alien seaman who had just been paid his wages must have spent some money or incurred some liability for his maintenance. It was conceded that it has been customary in the Eastern District of Virginia for the judge to take cognizance of existing conditions in the locality in lieu of formal proof of the amount spent, see Mason v. Lynch Brothers Company, D.C., 131 F.Supp. 255, 261, and proctor for respondent did not indicate by his answer or otherwise that he intended to put libellant to strict proof of the amount. The questions whether libellant was entitled to $8 a day for two months for maintenance, and whether

he should be allowed a modest amount for his pain and suffering during the five days before he was sent to the doctor, were both close. The district judge, who has had wide experience in this type of case, made an award in an amount which was fair to both sides under all the facts.

Affirmed.